UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20847-BLOOM/Otazo-Reyes

RONALD SATISH EMRIT,

    Plaintiff,
v.

UNIVERSITY OF MIAMI SCHOOL OF LAW,
*et al.*,

    Defendants.
_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court upon the Plaintiff Ronald Satish Emrit's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "Motion"). Plaintiff, who filed a Complaint that was docketed on March 3, 2023, ECF No. [1], and is proceeding *pro se*, has not paid the required filing fee. The Court has carefully reviewed the Motion and the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied as moot and the Complaint is dismissed without prejudice.

    **I.**     **Background**

The Complaint alleges that Plaintiff is disabled with bipolar disorder and schizoaffective disorder, ECF No. [1] ¶ D, and applied for a position of employment as a professor with Defendant University of Miami School of Law ("the University"), *id.* ¶¶ 3, 20. The Complaint alleges that the University, along with the President of the University ("the University President") and the Dean of the University of Miami School of Law ("the Dean"), the other two Defendants in this action, violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111, *et seq.*, by not offering Plaintiff a job as a law professor of entertainment law. *Id.* ¶ 30. The Complaint

also alleges that the University President or the Dean contacted one of Plaintiff's relatives regarding paperwork pertaining to Plaintiffs' unrelated lawsuits that Plaintiff mailed to the University of Miami School of Law in 2022. *Id.* ¶¶ 21, 22. Plaintiff asserts nine Counts against Defendants: 1) violation of the ADA, 2) Invasion of Privacy Through False Light, 3) Defamation, 4) Negligence, 5) Intentional Infliction of Emotional Distress, 6) Violation of the Equal Protection Clause, 7) Violation of the Due Process Clause, 8) Violation of the Privileges and Immunities Clause, and 9) Violation of Title VII of the Civil Rights Act of 1964.

The Court highlights, as it has before, that Plaintiff is no stranger to federal court. *Emrit v. Miami Police Dep't*, No. 21-CV-23014, 2021 WL 3869081, at *4 (S.D. Fla. Aug. 25, 2021), *appeal dismissed,* No. 21-12953-J, 2021 WL 7186073 (11th Cir. Nov. 15, 2021); *Emrit v. Saint Thomas Univ. Sch. of L.,* No. 21-CV-23175, 2022 WL 99817, at *3 (S.D. Fla. Jan. 11, 2022), *appeal dismissed,* No. 22-10224-G, 2022 WL 2793315 (11th Cir. May 25, 2022); *Emrit v. Saint Thomas Univ. Sch. of L.*, No. 22-CV-20835, 2022 WL 874089, at *3 (S.D. Fla. Mar. 24, 2022), *appeal dismissed,* No. 22-10996-F, 2022 WL 4481651 (11th Cir. June 22, 2022). A search on the CM/ECF electronic database reveals that Plaintiff has filed over 250 lawsuits in federal district courts across the nation, and "has been interpreted to be a vexatious litigant in [several] jurisdictions[.]" *See, e.g.*, *Emrit v. Universal Music Grp.*, No. 8:19-CV-2562-T-33SPF, 2020 WL 4751446, at *1 (M.D. Fla. Aug. 17, 2020), *aff'd*, 833 F. App'x 333 (11th Cir. 2021) ("Emrit's vexatious litigant status is well-deserved."); *Emrit v. Universal Music Grp.*, No. 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) ("Plaintiff has a history of abusing the IFP privilege and Plaintiff has been acknowledged as a vexatious litigator in at least six district courts. . . . The Ninth Circuit has also entered a pre-filing review order against Plaintiff. . . . Further, a search of

the Pacer electronic case database for cases filed under the name Ronald Satish Emrit shows Plaintiff has filed approximately 375 cases or appeals in the federal court system." (citations omitted)); *Emrit v. S. by Sw. Conf.*, No. A-14-CV-936-LY, 2014 WL 5524219, at *4 (W.D. Tex. Oct. 31, 2014), *report and recommendation adopted*, No. 1:14-CV-936-LY, 2014 WL 12661627 (W.D. Tex. Nov. 25, 2014) (highlighting Plaintiff's history of filing frivolous claims and cautioning him that sanctions may be warranted in the future). Nevertheless, the Court examines the Motion in light of the Plaintiff's Complaint and governing law.

## II. Legal Standard

### A. Proceedings *in Forma Pauperis*

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 8 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

3

of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services ("HHS") poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 87 Fed. Reg. 3315 (Jan. 21, 2022). Further, the section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court.").

### B. Analysis Under the Provisions of 28 U.S.C. § 1915(e)(2)

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), the Eleventh Circuit has held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint

that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

In determining whether an action fails to state a claim on which relief may be granted, the following standards are relevant. A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

### III.   Discussion

Because the screening provisions of 28 U.S.C. § 1915(e)(2) apply to Plaintiff's Motion, the Court first reviews the Complaint to determine whether it is frivolous or malicious, fails to


state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court determines that Plaintiff's Count I and Count IX fail to state a claim upon which relief may be granted, and Plaintiff's other Counts are frivolous. The Court first discusses Counts I and IX and then proceeds to discuss the other Counts.

"To state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest (1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Assuming the University is a "covered entity," the Complaint fails to sufficiently allege the University discriminated against Plaintiff on account of his disability. The Complaint alleges that Plaintiff is "disabled with bipolar disorder and schizoaffective disorder," ECF No. [1] ¶ 2, that Plaintiff "is trying to obtain a position of employment as a law professor of Entertainment Law at [the] University of Miami," *id.* ¶¶ 3, 20, and that Defendants did not offer Plaintiff a position, *id.* ¶ 30. From this, Plaintiff concludes, Defendants discriminated against him based on his disability. *See id.* ¶ 30 ("all three defendants are violating the American [sic] with DIsabilities [sic] Act of 1990"). Those allegations, without more, are insufficient to make the Complaint "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Count IX fails for the same reason. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2(a)(1). Here, Plaintiff alleges he was denied employment on the basis of his race, ECF No. [1] ¶¶ 32, 59, but

alleges no facts for the Court to draw the reasonable inference that Defendants denied Plaintiff employment on the basis of his race.

The remaining claims are based on indisputably meritless legal theories and must be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("[28 U.S.C. § 1915] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."); *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (holding that complaint may be dismissed before service of process where its legal theories are indisputably meritless). Plaintiffs' allegations concerning the Dean or the President's call to his relatives are irrelevant without other allegations that connect that call to Defendants' decision not to hire Plaintiff. Plaintiff's lengthy narrative does not set forth any other coherent legal theories that can sustain this action.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows.

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion, **ECF No. [3]**, is **DENIED AS MOOT**.
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 6, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Ronald Satish Emrit
6655 38th Lane East
Sarasota, FL 34243